## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH H. BUSKING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-06-0602-F |
| ) | |
| FISH & RICHARDSON, P.C., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

"Defendants' Motion to Dismiss or, Alternatively Abate," filed July 24, 2006, is before the court. (Doc. no. 11.) Plaintiffs responded to the motion on August 8, 2006, treating the motion to dismiss as a motion for summary judgment because the motion presented evidence outside of the pleadings. The court formally converted the motion to dismiss to a motion for summary judgment and gave the parties an opportunity to supplement their filings. On September 11, 2006, defendants filed their "Supplemental Brief on Motion for Summary Judgment." On September 25, 2006, plaintiffs filed their "Supplemental Brief in Support of Response to Motion for Summary Judgment." Defendants filed a reply brief on October 12, 2006, and plaintiffs filed a sur-reply brief on October 26, 2006. Accordingly, the motion has been fully briefed and is ready for determination. From this point forward, this order refers to defendants' motion as a motion for summary judgment.

### Standards

This action asks the court to vacate an arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10(a)(4) and § 10(b). (Complaint, p. 1, introductory paragraph.) Review of an arbitrator's award under the Federal Arbitration Act is strictly limited; this highly deferential standard has been described as among the

narrowest known to law. <u>Bowen v. Amoco Pipeline Co.</u>, 254 F.3d 925, 932 (10th Cir. 2001), quotation omitted. In consenting to arbitration, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality and expedition of arbitration. *Id.*, quotations omitted. A court must exercise caution in setting aside arbitration awards because one purpose behind arbitration agreements is to avoid the expense and delay of court proceedings. *Id.*, quotations omitted. A court may not, therefore, independently judge an arbitration award. *Id.*, quotations omitted. Mindful of the strong federal policy favoring arbitration, a court may grant a motion to vacate an arbitration award only in the limited circumstances provided in § 10 of the Federal Arbitration Act, 9 U.S.C. § 10, or in accordance with a few judicially created exceptions. *Id.*, quotations omitted.

This action comes before the court at this time by way of defendants' motion for summary judgment. To the extent that there are fact questions material to the determination of whether the arbitration award should or should not be vacated, the usual summary judgment standards apply. Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to

the non-movant.  <u>United States v. Agri Services, Inc.</u>, 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  <u>Posey v. Skyline Corp.</u>, 702 F.2d 102, 105 (7th Cir. 1983).

<u>Fact-findings</u>

The court finds that there is no genuine dispute regarding the following matters. In most cases, the court reaches this conclusion because the briefing, pleadings and record make clear that the parties do not intend to dispute these matters.  In the few instances where the plaintiffs do purport to dispute the matters included in these fact-findings,  there is no evidence of any genuine issues of material fact.  (In a few instances, the court has also relied on matters which are of judicial record in another action which was previously pending before the undersigned.)

1.     Plaintiffs are Keith H. Busking, an individual, David P. Newman, an individual, and Outpost Enterprises, Inc.  Defendants are the law firm of Fish & Richardson, P.C., and Geoffrey S. Harper, an individual.  Mr. Harper is a principal with the law firm of Fish & Richardson.  From this point forward, when this order refers to Fish & Richardson, it intends to refer to Fish & Richardson and Geoffrey S. Harper collectively.

2.     The arbitration award that this action seeks to vacate was the result of an arbitration involving these same parties.  (Arbitration Award, defendant's motion to dismiss, doc. no. 11, Exhibit "8.")  The arbitration was held in Ardmore, Oklahoma, with the Honorable Robert Faulkner, a retired United States Magistrate Judge for the Eastern District of Texas, presiding.  That matter was styled: "Keith Busking, David Newman, and Outpost Enterprises, Inc., Claimants vs. Fish & Richardson, P.C. and

-3-

Geoffrey S. Harper, Respondent[s], Matter in Arbitration, JAMS Reference No. 1310015796." The arbitration award was entered on May 25, 2006.

3.     The above-described arbitration was ordered by this court after the parties  jointly moved for an order dismissing a previous action in which they were also parties, <u>Keith H. Busking, David P. Newman, and Outpost Enterprises, Inc. v. Fish & Richardson, P.C. and Geoffrey S. Harper</u>, CIV-2005-0860-F (the 2005 action). In their joint motion in the 2005 action, the parties asked the court to dismiss that action and to order the parties to arbitration in Ardmore, Oklahoma. (Doc. no. 15 in the 2005 action.)  The undersigned granted the motion and the parties proceeded to arbitration.  (Doc. no. 16 in the 2005 action.)  The parties were also ordered to arbitration in Ardmore by the District Court of Dallas County, Texas, 162nd Judicial District, pursuant to an "Agreed Order Compelling Arbitration" entered in Cause No. 05-07173 on November 1, 2005, in <u>Fish & Richardson P.C. v. Outpost Enterprises, Inc., Larry Watters, Keith Busking and David Newman</u>.  Plaintiffs' response brief, doc. no. 13,  Exhibit "C."

4.     The 2005 Western District of Oklahoma action alleged negligence on the part of the defendants during defendants' representation, primarily of Outpost, in a bankruptcy action filed in the United States Bankruptcy Court for the Southern District of New York, in July of 2002 by debtor PSINet.  Outpost retained Fish & Richardson to defend it in that bankruptcy matter.  Geoffrey S. Harper, the other defendant in this action along with Fish & Richardson, is a principal with Fish & Richardson.  Mr. Harper served as lead counsel for Outpost in the bankruptcy matter. The 2005 civil action which was previously filed in this court, alleged that as a result of the bankruptcy action, plaintiffs had paid Fish & Richardson $28,900 in fees and that Fish & Richardson had demanded further payment of an additional $77,562.70

in fees.   In the 2005 action, plaintiffs alleged that they had been damaged by defendants' negligence in an amount in excess of $100,000, and plaintiffs prayed for relief including a declaration that the plaintiffs owed nothing further to Fish & Richardson.   Specifically, the "prayer for relief" in the 2005 action included the request that this court enter an order declaring that "Plaintiff**s** [including Messrs. Busking and Newman] have no further obligations to the Law Firm [Fish & Richardson, P.C.] under the Engagement Agreement." (Emphasis added by the court.)

5.   The contents of the engagement letter sent by Fish & Richardson and acknowledged by Outpost Enterprises, is not in dispute.   (The letter is attached to defendants' motion to dismiss, doc. no. 11, as Exhibit "3.")   The terms of Fish & Richardson's representation in the bankruptcy matter were memorialized in the letter. The letter states, in pertinent part, as follows.

**BY EXECUTING THIS LETTER OF ENGAGEMENT, YOU ARE ALSO AGREEING THAT ANY AND ALL DISPUTES ARISING FROM OR RELATED TO OUR REPRESENTATION OF YOU WILL BE SUBMITTED TO ARBITRATION WITH JAMS/ENDISPUTE UNDER SHORT FORM SUBMISSION.**

6.   In the their joint motion for arbitration filed in the 2005 action, the parties made the following representation to the court.   "The parties have agreed that all relevant claims and defenses, other than the agreement to arbitrate, will be preserved and can be asserted in the arbitration."

7.   One of the claims alleged in the 2005 action which was therefore referred to arbitration as one of "all relevant claims and defenses," was plaintiffs' claim that

Messrs. Busking and Newman were not individually liable for attorneys' fees owed to Fish & Richardson.[1]

8.     The arbitration award determined that "Fish & Richardson P.C. is awarded Seventy Seven Thousand Five Hundred Sixty Two Dollars and 70/100 ($77,562.70) jointly and severally against Keith Busking, David Newman and Outpost Enterprises, Inc." In other words, concluding that Keith Busking and David Newman were liable for the indebtedness to Fish & Richardson for legal services rendered, the arbitrator found against Messrs. Busking and Newman on the issue of their individual liability to the law firm.

9.     In support of plaintiffs' arguments that the arbitration award should be vacated because the arbitrator disregarded the law when ruling, plaintiffs primarily assert two types of arguments. First, plaintiffs assert that there was insufficient or inadequate evidence of any agreement by which Messrs. Busking and Newman assumed liability for the attorneys' fees owed to Fish & Richardson. Second, plaintiffs assert that if there were such an agreement, it was a verbal agreement and that Oklahoma's statute of frauds precludes its enforcement. These specific arguments and issues were submitted to the arbitrator for his consideration in making his rulings.[2]

---

[1]There is no genuine issue with respect to the fact that the individual liability of the individual parties was referred to arbitration. The engagement letter memorialized the parties' agreement to arbitrate any and all disputes arising from Fish & Richardson's representation of Outpost Enterprises. In the 2005 Western District of Oklahoma action, the parties jointly moved for arbitration, stating that all relevant claims and defenses could be asserted in the arbitration. The complaint in the 2005 action asks for a declaration that the plaintiffs in that action had no further obligation to the law firm under the engagement letter, clearly putting the individual liability of plaintiffs Messrs. Busking and Newman in issue in that action, and making that issue one of the issues referred by the court to arbitration.

[2]As the submission of these particular arguments to the arbitrator appears to be, at least at times, contested, the court cites here the many places in the record which make it clear that there is

(continued...)

Additional fact-findings are included in the discussion portion of this order.

<u>Discussion</u>

Defendants Fish & Richardson, P.C. and Geoffrey S. Harper "request[] the Court to grant summary judgment on Plaintiffs' claims on the grounds that Plaintiffs wholly lack any evidence demonstrating the existence of a genuine issue of material fact in dispute with regard to their attempt to vacate the underlying arbitration award." (Defendants' supplemental brief, doc. no. 17, p. 1.)  Specifically, defendants argue that there are no grounds to vacate the arbitrator's determination that Messrs. Busking and Newman are personally liable for attorneys' fees owed to Fish & Richardson. (Addressed in Part A. of this order, below.)  As to the other plaintiff in this action, Outpost Enterprises, Inc., defendants argue that any claims Outpost might allege for vacatur of the arbitrator's award are barred by *res judicata* because a Texas state court has already confirmed the arbitration award as to Outpost.  (Part B, below.)  Finally, defendants argue that, alternatively, this court should abstain from hearing this action under the <u>Colorado River</u> abstention doctrine because there is Texas state court

---

[2](...continued)

no genuine issue of material fact with respect to the fact that these issues were submitted to arbitration. *See*, Defendants' Supplemental Brief (doc. no. 17), additional statement of undisputed facts, ¶ 2: "The parties submitted to arbitration the issue of whether Plaintiffs' personal and verbal guarantees of Outpost's debt were enforceable" with record citations, not responded to in plaintiffs' supplemental brief filed in response (doc. no. 18); Joint motion for Order to Arbitration, CIV-05-0860-F (doc. no. 15) at ¶ 5, previously cited in fact-findings; Fish & Richardson, P.C.'s Original Counterclaim filed in Arbitration No. 1310015796, and attached to defendants' motion (doc. no. 11) as Exhibit "10"; Plaintiffs' Arbitration Report, ¶ 3. E. submitted in the arbitration and attached to defendants' motion (doc. no. 11) as Exhibit "11," (describing legal issues in the arbitration as including "[w]hether or not a claimed verbal guaranty of a corporate debt made by an individual is enforceable"); and Defendants' Original Answer to Plaintiffs' Statement of Claim and First Amended Counterclaim, filed in the arbitration, attached to defendants' reply brief (doc. no. 21) as Exhibit "18."

litigation involving the same subject matter and that action was filed first.  (Part C, below.)

A.  <u>Claims for Vacatur of the Arbitration Award</u>
<u>to the Extent that the Award Determines</u>
<u>Messrs. Busking and Newman are Individually Liable</u>.

Plaintiffs make several arguments in response to defendants' position that there are no grounds to vacate the arbitrator's award with respect to Messrs. Busking and Newman.  These same grounds for vacatur are alleged in the complaint in counts I through IV.  Because the complaint presents these arguments in a more organized fashion than plaintiffs' briefing does, the court addresses these arguments in the sequence they are alleged in the complaint.  Although the court often refers to these arguments in the manner that they are alleged in the complaint, and although in doing so the court often cites the complaint, all of these same arguments and no others are presented in plaintiffs' moving papers.

1.  <u>Plaintiffs' Argument that the Arbitrator Exceeded his Authority So That the</u>
<u>Arbitration Award Should be Vacated under 9 U.S.C. § 10(a)(4)</u>.
(Alleged in count I)

In response to defendants' motion for summary judgment, plaintiffs argue and allege (in count I of the complaint) that the arbitrator exceeded his authority when he ruled that Messrs. Busking and Newman were individually liable for the indebtedness to Fish & Richardson, with the result that the arbitration award should be vacated under 9 U.S.C. §10(a)(4).  Subsection (4) of section 10(a) provides that an award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

-8-

As alleged in count I, plaintiffs contend that because the fee agreement which contained the arbitration clause was between Fish & Richardson and Outpost rather than between Messrs. Busking and Newman and Fish & Richardson, it "is not rationally inferable from the Arbitration Agreement" that Messrs. Busking and Newman are personally liable for the fees owed by Outpost to Fish & Richardson. (Complaint, count I, ¶ 1.)  As previously stated, there is no dispute regarding the contents of the engagement letter sent by Fish & Richardson and acknowledged by Outpost Enterprises.  That letter states in bold, upper case letters, that "[b]y executing this letter of engagement, you are also agreeing that any and all disputes arising from or related to our representation of you will be submitted to arbitration...."  Plaintiffs have not argued, nor could they, that Fish & Richardson's claims against Messrs. Busking and Newman individually are not matters "arising from or related to" Fish & Richardson's representation of Outpost in the bankruptcy matter.  Thus, the letter purports to cover the dispute between the individual defendants and Fish & Richardson, regardless of the fact that the individuals did not sign the engagement letter.  More importantly, regardless of which entity executed the engagement letter, there is uncontested evidence reviewed in the court's fact-findings that plaintiffs' claim that Messrs. Busking and Newman were not individually liable for Fish & Richardson's attorneys' fees was voluntarily submitted by the parties, including Messrs. Busking and Newman, to the arbitrator for a final decision.  The court rejects plaintiffs' argument that the fact that the engagement letter was signed only on behalf of Outpost somehow limited the claims which were clearly subject to arbitration and which were, in fact, clearly submitted to arbitration by Messrs. Busking and Newman themselves.

The other reason which plaintiffs argue (and allege in count I) in support of their position that the arbitrator exceeded his authority, is plaintiffs' contention that "[t]he only evidence proffered in support of a finding for the individual liability of Mr. Busking and Newman was [e]x contractu and not related to the written agreement to arbitrate." The court does not agree with the suggestion implicit in this argument, that the court sits as a reviewing court might sit, considering the sufficiency of the evidence to support the arbitrator's award. Nevertheless, the court has considered the nature and sufficiency of the evidence to support the arbitrator's determination that Messrs. Busking and Newman are individually liable for the fees owed to Fish & Richardson.

In that regard, the court finds that it is clear from the complaint itself that there is evidence to support the arbitrator's determination that Messrs. Busking and Newman agreed to be personally liable for the attorneys' fees owed by Outpost to Fish & Richardson. Not only does the complaint, (count I, ¶ 4) refer to "the only evidence" of individual liability--which is an admission of at least some evidence of individual liability--a footnote to this allegation cites Geoffrey Harper's deposition and an excerpt from that deposition is attached to the complaint as exhibit "B." (Compliant, count I, ¶ 4, n.2, at p.4.) This footnote explains that Mr. Harper's deposition testimony mirrored his testimony at the arbitration. The footnote then characterizes Mr. Harper's testimony as testimony that "Messrs Busking and Newman agreed to pay attorneys fees verbally during a conference call." The court has reviewed the deposition excerpt attached to the complaint and finds that this is a fair characterization of the gist of Mr. Harper's testimony. Thus, the complaint itself identifies evidence supporting the arbitrator's conclusion that Messrs. Busking and Newman agreed to assume personal liability for the attorneys' fees incurred by

-10-

Outpost and owed to Fish & Richardson.  Plaintiffs briefing also makes clear, time and time again, that even plaintiffs agree there is at least some evidence that Messrs. Busking and Newman agreed to pay the fees in question.

The other argument which plaintiffs make to support their view that the arbitrator exceeded his authority, is their contention that Messrs. Busking and Newman cannot be personally liable for the attorneys' fees because any purported verbal agreement is unenforceable pursuant to Oklahoma's statute of frauds.  Plaintiffs cite 15 O.S. Supp. 2005 § 136, which provides that a promise to answer for the debt of another--in this case, for the debt of Outpost--must be in writing except in cases provided for in 15 O.S. 2001 §325, which plaintiffs argue does not apply.

Plaintiffs' statute of frauds arguments are an attempt to rehash an issue which was previously presented to the arbitrator.  Moreover, by virtue of the testimony of Mr. Harper attached to the complaint, the complaint itself contains evidence which supports the application of at least two exceptions to the statute of frauds.  That testimony provides evidence that there was partial performance of the oral agreement to assume liability for Outpost's fees owed to Fish & Richardson.  It also provides evidence that there was a receipt of benefits by Messrs. Busking and Newman pursuant to their oral agreement to guarantee payment of Fish & Richardson's bills. Either of these circumstances are sufficient to take a verbal contract outside of the Oklahoma statute of frauds.  *See*, Shumate v. Prague National Bank, 367 P.2d 720, 722 (Okla. 1961) (action to enforce agreement to pay attorneys' fees, stating in dicta that "[f]ull or partial performance of an oral contract takes it out of statute of frauds...rendering it enforceable," quoting earlier Oklahoma case law); and Alma Investment Corporation v. Wilson, 385 P.2d 501, 503 (Okla. 1963) (where principal retained and enjoyed benefit of bargain, she validated her agent's alleged unauthorized

act of signing the contact of sale and took the contract out of the statute of frauds; citing earlier Oklahoma case law).

The court finds and concludes that plaintiffs have made no showing of any genuine issue of material fact with respect to their allegation that the arbitrator exceeded his authority when he determined that Messrs. Busking and Newman were individually liable for the fees owed to Fish & Richardson. Accordingly, defendants are entitled to summary judgment in their favor on count I.

2. <u>Plaintiffs' Argument that the Arbitration Should be Reheard Under 9 U.S.C. § 10(b)</u>.

(Alleged in count II).

Plaintiffs argue (and allege in count II) that the arbitration should be reheard under 9 U.S.C. § 10(b). By its own terms, however, § 10(b) only applies if an award is vacated under § 10(a) within the time that the matter was required to be arbitrated. As the court has just concluded that there is no ground for vacation of the arbitration award under §10(a), no remedy is available under 9 U.S.C. § 10(b), and defendants are entitled to summary judgment in their favor on count II.

3. <u>Plaintiffs' Argument that the Arbitration Award Should be Vacated Because it Constitutes a Manifest Disregard for the Law</u>.

(Alleged in count III)

Plaintiffs argue (and allege in count III) that the arbitrator's award constitutes a manifest disregard for the law. In support of this argument, plaintiffs again assert their arguments that "[t]he only evidence of the alleged verbal contract enforced by the Award was one telephone call" made on a date which could not be verified, (complaint, count III, ¶ 11), and that "[t]he Award makes Keith Busking and David Newman guarantors of a corporate debt on the basis of a claimed verbal affirmation."

(Complaint, count III, ¶ 12.)  In other words, count III restates plaintiffs' position that there was insufficient evidence of any contract and that the statute of frauds precludes enforcement of any such agreement.  While count I alleged that these circumstances showed that the arbitrator exceeded his authority, count III alleges that these circumstances constitute a manifest disregard of the law.

Manifest disregard for the law is a judicially crafted exception to the general rule that arbitrators' erroneous interpretations or applications of law are not reversible. Bowen, 254 F.3d at 932, quotations and citation omitted.  The Tenth Circuit has interpreted manifest disregard of the law to mean willful inattentiveness to the governing law.  Id., quotations and citation omitted.  Requiring more than error or misunderstanding of the law, a finding of manifest disregard means that the record shows the arbitrator knew the law and explicitly disregarded it.  Id., quotations and citation omitted.

Defendants contend, and plaintiffs do not dispute, that there is no record of the proceedings before the arbitrator.  This undisputed fact makes it extremely difficult to prove that the record shows that the arbitrator knew the law and explicitly disregarded it.  Even if there were a formal record of the arbitration, the court does not sit as a reviewing court.  Furthermore, based on the complaint and on plaintiffs' briefing, there is evidence to support the existence of the verbal agreement by Messrs. Busking and Newman to pay Fish & Richardson's fees, and there is evidence which takes the verbal agreement out of the statute of frauds.  Thus, the court finds and concludes that there is no genuine issue of material fact with respect to plaintiffs' claim that the arbitration award constitutes a manifest disregard for the law. Defendants are entitled to summary judgment in their favor on count III.

4.  <u>Plaintiffs' Argument that the Arbitration Award Should be Vacated</u>
<u>Because It is Contrary to Public Policy</u>.

(Alleged in count IV)

Plaintiffs argue (and allege in count IV) that the arbitration award should be vacated because it is contrary to public policy.  Plaintiffs allege that by determining Messrs. Busking and Newman are jointly and severally liable for the attorneys' fees owed to Outpost, the arbitration award violates Oklahoma public policy because that determination "in effect pierces the corporate veil by indirect means."  (Complaint, count IV, ¶ 17.)  Nothing in the Oklahoma law prohibits individuals, corporate principals or otherwise, from voluntarily assuming the debts of a corporation as the arbitrator implicitly found that Messrs. Busking and Newman did here.  Accordingly, there is no genuine issue of material fact with respect to this issue, and defendants are entitled to summary judgment in their favor on count IV.

B.  <u>Claims for Vacatur of Arbitration Award</u>
<u>To the Extent the Award is Against Outpost</u>.

The motion for summary judgment argues that any claims alleged in this action by Outpost (as opposed to the individual plaintiffs) are barred by *res judicata* because the arbitration award has been upheld against Outpost by a Texas court.  Defendants assert that on July 7, 2006, Judge Raggio of the 162nd District Court of Dallas County, Texas, granted Fish & Richardson P.C.'s motion to confirm the arbitration award as to Outpost.  (Defendants' moving brief, p. 13.)  Although this statement is not included in defendants' statement of material facts, plaintiffs have not disputed this fact, indeed, they have not responded at all to defendants' argument that Outpost has no claims to assert in this action and that if it did, any such claims would be barred by *res judicata*.  Accordingly, this argument has been confessed.  *See*, LCvR7.2(f)

-14-

(any motion not opposed within 18 days may, in the discretion of the court, be deemed confessed).  Moreover, the complaint identifies no specific grounds or arguments for challenging the arbitration award to the extent that the award determines issues pertinent to Outpost.  The prayer portion of the complaint asks that if the arbitration award is not vacated entirely, it be modified to apply solely to Outpost and not to Messrs. Busking or Newman.  The court finds and concludes that there is no genuine issue of material fact with respect to any claims asserted by Outpost in this action.  Accordingly, defendants are entitled to summary judgment in their favor with respect to any claims which Outpost may have intended to allege in this action.

## C. Colorado River Doctrine

Defendants' Colorado River doctrine argument is an alternative argument only, that is, if the court declines to award summary judgment in defendants' favor then defendants ask the court to abate this action under the Colorado River doctrine.  As the court has determined that defendants are entitled to summary judgment, it is unnecessary to address this alternative argument.  Nevertheless, as the determination of whether or not to abstain under Colorado River could be considered a predicate issue rather than an alternative argument of last resort, the court has considered whether it should dismiss or abate this action under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  Having done so, the court finds and concludes that none of the factors which are reviewed in Colorado River as traditional grounds for abstention are present here.  Also not present here are any of the exceptional factors noted in Colorado River as circumstances which may, on rare occasions, support dismissal of a federal lawsuit due to the presence of a concurrent state court proceeding for reasons of wise judicial administration.  Id. at 813-821.  Absent such exceptional circumstances, the federal courts have a virtually

unflagging obligation...to exercise the jurisdiction given them.  *Id*. at 817-18.  The court concludes that abstention or dismissal in favor of the Texas state court litigation is not appropriate here.

Conclusion

Having carefully considered the pleadings, the parties' submissions, the record, and the relevant authorities, the court determines that, as a matter of law, there is no basis for vacating or modifying the arbitrator's award.  To the extent that defendants' motion asks the court to adjudicate the merits of this dispute in defendants' favor, the motion is **GRANTED**.

Dated this 3rd day of November, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0602p006(pub).wpd